UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICKEY SOCRATES FERDYNAND,

    Plaintiff,　　　　　　　　　　　　　　　Case No. 25-10863

v.　　　　　　　　　　　　　　　　　　　　Honorable Nancy G. Edmunds

CUSTOMS AND BORDER PROTECTION,

    Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS [2] AND DISMISSING PLAINTIFF'S COMPLAINT**

On March 26, 2025, Plaintiff Mickey Socrates Ferdynand filed a pro se employment discrimination complaint against Customs and Border Protection.[1] (ECF No. 1.) Plaintiff has also filed an application to proceed without the prepayment of fees or costs ("in forma pauperis" or "IFP"). (ECF No. 2.) For the reasons below, the Court GRANTS Plaintiff's request to proceed IFP and DISMISSES his complaint.[2]

**I.　Plaintiff's Application to Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a court may authorize the commencement of a civil action without the prepayment of fees or costs if the applicant submits an affidavit demonstrating that he or she is "unable to pay such fees or give security therefor." Here, Plaintiff indicates that he is unemployed and has not received income from any other

---

[1] This case was reassigned to the Honorable Nancy G. Edmunds as a companion to case no. 23-10770. (ECF No. 5.) That case was dismissed without prejudice on May 1, 2023, due to Plaintiff's failure to pay the filing fee or file an application seeking in forma pauperis standing despite being given the opportunity to do so.

[2] Plaintiff has also filed an "affidavit and motion for extension of due dates." (ECF No. 6.) In this document, Plaintiff makes allegations regarding his housing that are unrelated to his claims. To the extent Plaintiff requests an extension, however, the dismissal of this case renders that request moot.

1

sources in the past twelve months. Plaintiff does not list any significant assets. Based on this affidavit, the Court grants Plaintiff's application to proceed IFP.

## II. Plaintiff's Complaint

### A. Legal Standard

When a plaintiff establishes indigence, the district court must screen the complaint as mandated by Congress in 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled in part on other grounds by LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013). Specifically, the district court is obligated to dismiss a civil complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See* § 1915(e)(2)(B). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### B. Analysis

Plaintiff alleges Defendant discriminated against him in violation of Title VII of the Civil Rights Act, the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA"). He states that the discriminatory conduct took place in September of 2022.

A plaintiff alleging discrimination under the cited statutes must file a charge with the EEOC within 180 days of the alleged discrimination (or with the state agency within 300 days). *See Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003) (Title VII); *Amini v. Oberlin College*, 259 F.3d 493, 498 (6th Cir. 2001) (ADEA); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000) (ADA). Here, Plaintiff acknowledges that he did not file a charge of discrimination with the EEOC. The timely

filing requirement is subject to equitable tolling, but the Sixth Circuit "has repeatedly cautioned that equitable tolling relief should be granted only sparingly." *See Amini*, 259 F.3d at 500 (citations omitted). Plaintiff does not deny that he was aware of the filing requirement; instead, he claims that he "was unable to locate the information requested to file such charge and even emailed the EEOC and nothing was heard from anyone." (ECF No. 1, PageID.5.) "[I]t is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling." *See Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (citation omitted). Moreover, Defendant would be prejudiced due to the significant time that has lapsed. Thus, equitable tolling is not appropriate in this case, and Plaintiff's claims are dismissed as time barred. *See Jackson v. Transp. Sec. Admin.*, No. 20-3097, 2021 U.S. App. LEXIS 11439, at *3-4 (6th Cir. Apr. 19, 2021) (affirming the sua sponte dismissal of the complaint under § 1915(e)(2) where it was apparent that the claims were barred by the statute of limitations and it was within the district court's discretion to find that the plaintiff was not entitled to equitable tolling).

Plaintiff's claims are also subject to dismissal for another reason. While Plaintiff need not "plead 'specific facts establishing a prima facie case of employment discrimination'" at this stage of the proceeding, "h[is] complaint 'must contain . . . a short and plain statement of the claim showing that []he is entitled to relief.'" *See Primm v. Tenn. Dep't of Human Servs.*, No. 16-6837, 2017 U.S. App. LEXIS 15779, at *4-5 (6th Cir. Aug. 17, 2017) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002)). Plaintiff's complaint does not meet that standard.

Title VII makes it unlawful for an employer to discriminate against an employee on the basis of his "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

The ADA prohibits an employer from discrimination on the basis of disability. 42 U.S.C. § 12112(a). And the ADEA prohibits discrimination against an employee "because of" his age. 29 U.S.C. § 623(a)(1).

Here, Plaintiff indicates that the discriminatory conduct was "failure to hire" and "failure to provide requested contact information for the EEOC." (ECF No. 1, PageID.4.) But the failure to provide requested information is not an adverse act for purposes of federal anti-discrimination law. *See Burlington Indus. v. Ellerth*, 524 U.S. 742, 761 (1998) (noting that an adverse act requires a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits"). And although the failure to hire constitutes an adverse act, Plaintiff's allegations fall short in other ways.

With regard to his ADA and ADEA claims, Plaintiff does not state that he is disabled, nor does he provide his age anywhere in the complaint. And with regard to his Title VII claim, despite checking the boxes for "race," "color," and "national origin," Plaintiff does not explain how he falls within any of these categories. To the extent Plaintiff states that he disclosed his "socioeconomic status," this is not a protected status under Title VII. And while Plaintiff indicates that he requested an extension due to Hanukkah, he does not allege any facts that support a conclusion that he was not hired because of his religion. Similarly, Plaintiff states that during the medical examination and drug testing, there were only women present and "male chaperones were not available," but he does not make any allegations that would suggest he was discriminated against because of his gender. In sum, Plaintiff's allegations do not show that he is entitled to relief.

4

**III.     Conclusion**

For the foregoing reasons, Plaintiff's application to proceed without prepaying fees or costs is GRANTED, and Plaintiff's complaint is DISMISSED.

In addition, pursuant to § 1915(a)(3), this Court hereby certifies that an appeal may not be taken in forma pauperis because it would not be taken in good faith.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: May 4, 2025


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 5, 2025, by electronic and/or ordinary mail.

s/Tara Villereal
Case Manager